DECISION AND JUDGMENT ENTRY
This is an appeal from a March 31, 2000 decision of the Wood County Court of Common Pleas, that appellant, Ronald Bovee, is a sexual predator, pursuant to R.C. Chapter 2950. Appellant has presented one assignment of error for consideration on appeal, that reads:
 "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS AND FOUND THAT THE DOCTRINE OF THE `LAW OF THE CASE' AND PRINCIPLES OF RES JUDICATA DID NOT BAR FURTHER PROCEEDINGS PURSUANT TO R.C. § 2950.09."
The relevant facts and procedure in this case are as follow. On January 27, 1988, appellant was convicted of attempted rape and gross sexual imposition after he entered guilty pleas to those charges in the Wood County Court of Common Pleas. The trial court sentenced appellant on March 7, 1988, and he began serving a prison term of five to fifteen years. On July 22, 1997, the trial court filed a judgment entry in which it noted that appellant was referred to the trial court by the Department of Rehabilitation and Correction pursuant to then newly enacted provisions in R.C. Chapter 2950 for a hearing to determine whether appellant should be classified as a sexual predator. The trial court ruled that the newly enacted law could not be retroactively applied and refused to classify appellant as a sexual predator.
On August 21, 1997, appellee, the state of Ohio, appealed the trial court's decision to this court. The appeal was consolidated with twenty-seven other cases from Wood County that raised the same issue, and on June 26, 1998, this court affirmed the trial court's ruling that the retroactive application of the new sexual predator classification statutes would be unconstitutional. State v. Gonyer (June 26, 1998) Wood App. No. WD-97-062, unreported. Appellee did not appeal this court's decision to the Supreme Court of Ohio.
On September 30, 1998, the Supreme Court of Ohio issued a ruling in a case titled State v. Cook which would have resulted in a reversal of all the consolidated cases of State v. Gonyer,(June 26, 1998) Wood App. No. WD-97-062, unreported, if the state had appealed. The Supreme Court of Ohio ruled in State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus, that the retroactive application of the sexual predator laws was not unconstitutional.
The trial court subsequently issued a notice to appellant of a new date for a sexual predator hearing in his case. On February 14, 2000, appellant filed a motion to dismiss any further proceedings relating to a sexual predator hearing. Appellant argued that the doctrine of "law of the case" and the principles of res judicata applied to bar any further proceedings on the sexual predator classification pursuant to R.C. 2950.09. He also filed a separate motion to dismiss in which he argued that the sexual predator statute is unconstitutional.
On March 21, 2000, the trial court issued an order denying appellant's motion to dismiss any further proceedings and his motion to dismiss. The trial court ruled that neither law of the case nor res judicata applied as bars to further proceedings. The trial court referred to an earlier ruling it made in a similar case in which it explained its reasoning for its rulings that law of the case and res judicata were not applicable to prevent a second sexual predator proceeding.
On March 31, 2000, after conducting a sexual predator classification hearing, the trial court ruled that appellant must be classified as a sexual predator. Appellant subsequently sought permission from this court to bring a delayed appeal from the trial court's ruling, which this court granted. State v. Bovee (June 12, 2000), Wood App. No. WD-00-032, unreported.
Appellant asserts in support of his sole assignment of error that the trial court erred when it ruled that neither res judicata nor the doctrine of the law of the case applied to bar a second hearing in the trial court to determine whether appellant should be classified as a sexual predator. This court recently considered identical arguments inState v. Weatherford (Jan. 12, 2001), Wood App. No. WD-00-042, unreported. In that case, we ruled that the doctrine of res judicata
applies, and that "this court's June 26, 1998 decision affirming the trial court's decision in this case remains a valid, final judgment on the merits of appellant's sexual predator status." Id. Applying that same reasoning to this case, we find appellant's sole assignment of error is well-taken.
The judgment of the Wood County Court of Common Pleas is reversed, and this case is remanded with instructions to that court to vacate the July 22, 1997 judgment it issued in this case classifying appellant as a sexual predator and to dismiss this case. Appellee is ordered to pay the court costs of this appeal.
James R. Sherck, J., Richard W. Knepper, J., CONCUR.
 __________________________ George M. Glasser, J.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.